BONIN, J.,
concurs in the result with reasons.
I concur in the opinion of Judge Love with respect to the finding that the Sheriff as an employer is liable to Mr. Washington’s survivors because of the negligence of his employees and those for whom he is responsible and to the finding that the Sheriff is not liable to them for civil rights damages and attorneys’ fees. I also concur in her opinion to the ’extent that she finds no abuse of discretion in the amount of the damages awarded by the trial judge.
I disagree, however, with the conclusion that the trial judge was not clearly .'wrong when she failed to apportion any fault to Mr. Washington. He was clearly not free from any fault and was partly responsible for his injuries and unfortunate death. See La. Civil Code art. 2323. Thus I would have adjusted the award of damages “but only to the extent of lowering or raising it to the highest or lowest point respectively which is reasonable within the trial court’s discretion.” Clement v. Frey, 95-1119, pp. 7-8 (La.1/16/96), 666 So.2d 607, 611. But here, even after reducing the overall damages award by the appropriate percentage of comparative fault, the actual amount of recoverable damages (i,e. statutory cap, La. R.S. 13:5106) is unaffected. See Hall v. Brookshire Bros., Ltd., 02-2404, p. 23 (La.6/27/01), 848 So.2d 559, 573.
Accordingly, I concur in the result.